**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------
**Kenworth Scarlett,**

              **Plaintiff,**        **14 Civ. 2336 (JGK)**

       - against -               **MEMORANDUM OPINION AND**
                                                         **ORDER OF SERVICE**
**Rikers Island Correction, et al.,**

              **Defendants.**
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, currently detained at Rikers Island, is proceeding pro se and in forma pauperis. The plaintiff filed this complaint under 42 U.S.C. § 1983 and alleges that in June 2009, he was physically and sexually assaulted in the "A side" of the "MAUI Bing," a mental health unit. Named as defendants are Rikers Island and Correction Officers Dixon, Samuels, Williams, Moi, and Miller.

    The plaintiff's claims against Rikers Island cannot proceed. Rikers Island is a non-suable entity under § 1983. Farray v. Rikers Island Corr. Facility, No. 12cv4717, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (citations omitted) (holding that "Rikers Island is not a 'person' within the meaning of § 1983, and as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently"). Accordingly, Rikers is dismissed from the action.

**WAIVER OF SERVICE**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Prder.  The Court requests that Correction Officers Dixon, Samuels, Williams, Moi, and Miller waive service of summons.

Local Civil Rule 33.2, which requires certain defendants to respond to standard discovery requests, applies to this action.  The standard discovery requests are available on the Court's website under Forms and are titled "Local Civil Rule 33.2 Interrogatories & Requests for Production of Documents – Prisoner Cases."  Within 120 days of the date of this order, the defendants must serve responses to these standard discovery requests.  In their responses, the defendants must quote each request verbatim.

**CONCLUSION**

The Clerk of Court is directed to dismiss Rikers Island from the action.  The Clerk of Court is further directed to notify the New York City Department of Correction and the New York City Law Department of this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:     New York, New York**
            **July 30, 2014**                    _____/s/_____
                                                       **John G. Koeltl**
                                              **United States District Judge**

3